1  CHARLES A. BONNER, ESQ.  SB# 85413
   A. CABRAL BONNER, ESQ. SB# 247528
2  **LAW OFFICES OF BONNER & BONNER**
   475 GATE FIVE RD, SUITE 212
3  SAUSALITO, CA 94965
   TEL: (415) 331-3070
4  FAX: (415) 331-2738
   cbonner799@aol.com
5  cabral@bonnerlaw.com

6  ATTORNEYS FOR PLAINTIFF
7  KAREN HARRIS

8                   **UNITED STATES DISTRICT COURT**

9     **EASTERN DISTRICT OF CALIFORNIA – BAKERSFIELD DIVISION**

10

11  **KAREN  JANE HARRIS,**                    Case No.:

12              Plaintiff,              **COMPLAINT FOR DAMAGES**
                                        1.  **VIOLATION OF FEDERAL**
13       vs.                                **CIVIL RIGHTS-42 U.S.C. § 1983;**
                                        2.  **NEGLIGENT HIRING,**
14  **BEAR VALLEY COMMUNITY**                **TRAINING, SUPERVISION AND**
    **SERVICES DISTRICT, BEAR VALLEY**       **RETENTION -42 U.S.C. § 1983;**
15  **POLICE DEPARTMENT, CHIEF OF**      3.  **RETALIATION F. EXERCISING**
    **POLICE TERRY FREEMAN,**               **FREE SPEECH-42 U.S.C.§ 1983;**
16  **SERGEANT JOSHUA MOTLEY,**          4.  **RETALIATION UNDER FEHA;**
    **SERGEANT DAVID WATTS, OFFICER**    5.  **DISCRIMINATION-DISPARATE**
17  **RODNEY WALTHERS, AND DOES 1 TO**       **TREATMENT VIOLATION**
18  **50, INCLUSIVE,**                       **TITLE VII AND FEHA;**
                                        6.  **INTENTIONAL INFLICTION OF**
19              Defendants.                 **EMOTIONAL DISTRESS;**
                                        7.  **WRONGFUL TERMINATION IN**
20                                          **VIOLATION OF PUBLIC**
                                            **POLICY;**
21                                      8.  **RETALIATION IN VIOLATION**
                                            **OF LABOR SECTION 1102.5;**
22                                      9.  **DEFAMATION PER SE:LIBEL**
23                                      10. **DEFAMATION PER SE:**
                                            **SLANDER**
24                                      11. **INVASION OF PRIVACY;**
25                                      12. **MALICIOUS PROSECUTION;**
26                                      13. **FALSE ARREST;**
27                                      14. **SUPERVISORY LIABILITY 42**
                                            **U.S.C. 1983;**
28                                      **JURY TRIAL DEMANDED**

**MS. KAREN HARRIS ALLEGES AS FOLLOWS:**

## INTRODUCTION

1. PLAINTIFF KAREN HARRIS brings her COMPLAINT to vindicate her federal and state constitutional, statutory and common law rights.

2. PLAINTIFF KAREN HARRIS (hereinafter, "Plaintiff" & "HARRIS") alleges that DEFENDANTS BEAR VALLEY COMMUNITY SERVICE DISTRICT, (hereinafter, "DISTRICT"), the BEAR VALLEY POLICE DEPARTMENT (hereinafter "BVPD"), and managing agents of DEFENDANTS have engaged in an unlawful pattern and practice, policy and custom of employment discrimination and retaliation against her and other similar situated employees for engaging in protected activity.

## JURISDICTION AND VENUE

3. PLAINTIFF brings her action pursuant to the laws of the State of California, the California Fair Employment and Housing Act, Title VII of the 1964 Civil Rights Act, as amended, Employment Act of 1967 as amended, and 42 U.S.C. Section 1983, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and Article 1, Section 1 of the California Constitution. Jurisdiction is founded upon 28 U.S.C. § 1331.

4. Venue is proper in this judicial district because Plaintiff's injuries, damages and harm, including the violation of Plaintiff's Civil Rights, occurred in this judicial district. Further, one or more of the DEFENDANTS reside, are headquartered and conduct business in this judicial district.

5. DEFENDANTS are subject to suit in this Judicial District and are public entities which regularly employ 500 or more persons.

6. DEFENDANT BVPD is an agency of the State of California. BVPD is a "person" within the meaning of 42 U.S.C. 2000e(a) and an "employer" within the meaning of 42 U.S.C. 2000e(b).

## PARTIES

7. PLAINTIFF is a citizen of the United States of America and is a resident of Tehachapi, CA. At all times herein relevant, PLAINTIFF was a BEAR VALLEY POLICE DISPATCHER with DEFENDANT BVPD. BVPD is a Public Agency organized under the laws of the State of California.  BVPD does business in the State of California as a government subdivision under the color of state authority and thereby subject to the laws of the State and the United States of America.

8. DEFENDANT **CHIEF TERRY FREEMAN** (hereinafter, "CHIEF FREEMAN") is an individual residing in KERN County, CA and is the EX-CHIEF OF POLICE with the BVPD.

9. DEFENDANT **SERGEANT JOSHUA MOTLEY** (hereinafter, "MOTLEY") is an individual residing in KERN County, CA and is a Sergeant with the BVPD.

10. **SERGEANT DAVID WATTS** (hereinafter, "WATTS") is an individual residing in KERN County, CA and is a Sergeant with the BVPD.

11. DEFENDANT **OFFICER RODNEY WALTHERS** (hereinafter, "**WALTHERS**") is an individual residing in KERN County, CA and is an investigating officer with the BVPD.

12. At all relevant times herein, BVPD was operated by supervisors, managers, and/or managing agents of the STATE OF CALIFORNIA, and as such were prohibited by law

from harassing and retaliating against employees on the basis of their engagement in protected activity.

## RESPONDEAT SUPERIOR

13. All of the described conduct, acts, and failures to act are attributed to agents and managing agents of DEFENDANT BVPD OF THE STATE OF CALIFORNIA. Said acts, conduct and failures to act were within the scope of such agency and employment. At all times relevant herein, each participant was acting within the course and scope of his or her employment and agency.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14. Plaintiff has exhausted her administrative remedies by submitting charges of discrimination with the DFEH and the EEOC. Plaintiff received a right to sue letter from the DFEH on August 27, 2012. Plaintiff will amend her complaint after having received her federal right to sue letters.

## RESPONDEAT SUPERIOR

15. Each and every wrongful, injurious, intentional, willful, discriminatory, harassing act and failure to act, by DEFENDANTS, were not normal incidents of employment and were outside the scope of the employment bargain.  Thus, Workers Compensation exclusive remedy set forth in California Labor Code § 3600 et seq. will not preempt, nor bar Plaintiff's right to recover for damages set forth herein.

## STATEMENT OF FACTS

16. On or about September 19, 2006, MS. HARRIS was hired by then Chief of Police, DEFENDANT CHIEF FREEMAN as a Part Time Police Dispatcher. On November 27, 2006, MS. HARRIS was promoted to Full Time Dispatcher. Approximately from late

July to early August 2011, MS. HARRIS participated in an internal investigation of allegations of pregnancy discrimination and retaliation brought by a Female Police Officer, Laura Hutchinson, against DEFENDANT CHIEF FREEMAN and others. Ms. Harris provided testimony, interviews and participated in the Internal Affairs investigator. This was protected activity officially sanctioned, permitted and approved by the state and federal law.

17. Following MS. HARRIS's participation in protected activity by giving testimony in the pregnancy discrimination investigation against CHIEF FREEMAN, DEFENDANT CHIEF embarked on a campaign of retaliation against MS. HARRIS. On or about January 31, 2012, CHIEF FREEMAN summoned MS. HARRIS into his office and disciplined her for her union activity of advocating for changing employees' schedules based on seniority as had been the practice in the past. DEFENDANT CHIEF FREEMAN also disciplined MS. HARRIS for a frivolous and false accusation that MS. HARRIS had not supported a new dispatcher. The true facts were that MS. HARRIS and the new dispatcher had previously exchanged very pleasant and cordial emails, praising their mutual support and pleasure of working together. Failing to gain traction to successfully retaliate against MS. HARRIS for the union activity regarding the employee scheduling and with the false accusation pertaining to the new dispatcher, DEFENDANT CHIEF elevated his attack on MS. HARRIS by falsely accusing and charging her on or about February 2, 2012 with obstruction of justice in violating of California Penal Code Section 148, Petty Theft, a violation of Penal Code Section 488, of a whimsical stone birdbath, affectionately referred to as "The Raccoon Bird Bath", which had been gifted to MS. HARRIS by a long time quilting friend. DEFENDANT

CHIEF, DEFENDANT SERGEANT MOTLEY AND OFFICER WALTHERS ignored, suppressed, buried and intentionally failed to follow the expressed wishes of the home owner who had purchased the home of MS. HARRIS's quilting friend after the friend had gifted the Bird Bath to MS. HARRIS. On February 9, 2012, [Erroneously written as "2010"] the new buyer wrote:

"Dear Bear Valley Police, We recently reported the theft of a bird bath...The person who took it has returned the birth bath and we do not want to press charges against [MS. HARRIS]. We believe there were unclear areas of communication with [MS. HARRIS] and the previously owners. Thank you for your ***immediate help*** in clearing up the situation". [Emphasis added]

18. Eight (8) days after the home owners instructed the BVPD to provide "immediate help" by not pressing charges against MS. HARRIS, on February 16, 2012, DEFENDANT WATTS committed perjury by falsely filing a "Probable Cause Declaration", asserting "Facts establishing probable cause for arrest of MS. HARRIS for a "violation of Penal Code Section 488-Theft and Penal Code Section 148(a)(1)-Interfering with an Investigation".

DEFENDANT WATTS signed this declaration by stating, "I declare under penalty of perjury that the forgoing is true and correct to the best of my information and belief." At the time DEFENDANT WATTS signed this declaration he knew that the facts which he was declaring under penalty of perjury were false. With intent to harm, injure and hurt MS. HARRIS, and with an intentional disregard for MS. HARRIS's United States Constitutional Rights, DEFENDANT WATTS, in a conspiracy with his co-defendants, presented the perjured declaration to the Kern County District Attorney for

prosecution of MS. HARRIS. DEFENDANTS, and each of them, intentionally concealed the home owner's letter from the Kern County District Attorney, stating "we do not want to press charges against [MS. HARRIS"].

19.  On February 22, 2012, in spite of lacking probable cause, the Kern County District Attorney filed a "Misdemeanor criminal "Complaint" against MS. HARRIS for a violation of Penal Code Section 488, stating: "COUNT 001, On or about and between December 21, 2011 and February 1, 2012, Karen Jane Harris, did willfully and unlawfully steal, take, or carry away the personal property of another, to wit:...in violation of Penal Code Section 488, a Misdemeanor." On June 29, 2012, the Kern County District Attorney moved the court for an order dismissing all charges against MS. HARRIS. The court issued the requested order, dismissing all charges against MS. HARRIS.

20.  On February 24, 2012, DEFENDANTS wrongfully and illegally placed MS. HARRIS on Paid Administrative Leave, without following the required employment protocol by giving the employee an opportunity to be heard and present a defense to the allegations.

21.  On March 22, 2012, DEFENDANTS wrongfully and illegally terminated MS. HARRIS'S employment with BVPD.

22.  Description of Treatment:   On September 19, 2011, one of DEFENDANT DISTRICT'S employees, Mr. Robert James, was arrested on felony charges for discharging a firearm in a residential area while under the influence of alcohol. He met with BVCSD General Manager John Yeakley (medically retired 07/2012) who advised Mr. James to get the felony dropped to a misdemeanor and all would be good with his job. Mr. James' charges were dropped to a misdemeanor, and he is still employed with

the BVCSD in the Road Department. Mr. James was given the opportunity to plead out on his felony charge which was reduced to a misdemeanor, pay fines and get probation. No disciplinary action was taken by BVCSD.

23. Other similar situated employees, most of whom were men, of DEFENDANT BVCSD and the BVPD have been treated more favorably than MS. HARRIS in that said employees have engaged in conduct that violated laws and the policies of DEFENDANTS BVCSD and BVPD, and despite DEFENDANT employer's knowledge of these violations, including inappropriate conduct with minor boys and girls, no disciplinary action was taken against these employees. Such lenient conduct glaringly contrasts with the overly harsh treatment received by MS. HARRIS. As such, DEFENDANT employers imposed repeated adverse employment actions against Ms. Harris, including termination of her employment and withholding and challenging her claim for unemployment benefits. This is further evidence of the DEFENDANTS', and each of them, premeditated intent to hurt, harm and injure MS. HARRIS. This intent DEFENDANTS accomplished.

24. DEFENDANT employers discriminated against MS. HARRIS on the basis of her sex and gender, female, and on the basis of her age, over 40, and DEFENDANTS engaged in illegal retaliation against MS. HARRIS because she participated in protected activity by complaining about illegal conduct, and conduct which violated the DEFENDANT employer's policies. MS. HARRIS's age and gender were motivating factors for the DEFENDANTS' discriminatory treatment because individual DEFENDANTS sought and received personal favors, including sexual favors, from the younger women in exchange for more favorable terms and conditions of employment. Ms. Harris refused

to partake in such exchanges. The Bear Valley Community Service District and the Bear Valley Police Department knew that Defendants were engaging in such practices and knew that defendants were retaliating against employees who were cooperating with internal affairs investigations.

## FIRST CAUSE OF ACTION
### VIOLATION OF FEDERAL CIVIL RIGHTS
### 42 U.S.C § 1983
### Against Individual Defendants

25. Plaintiff incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

26. DEFENDANTS, in their individual capacities intentionally deprived MS. HARRIS of her First, Fourth, Fifth and Fourteenth Amendment right of Due Process and Liberty by falsely accusing her of committing crimes, to wit: theft and obstruction of justice, when DEFENDANTS knew their conduct violated MS. HARRIS's civil rights under the United States Constitution and under the laws of the State of California. DEFENDANTS' conduct, as set forth above, represents a violation of MS. HARRIS's right to free speech protected by the First Amendment; a violation of MS. HARRIS's right of privacy under Fourth Amendment and under Article 1 Section 1 of the Constitution of the State; a violation of her Fifth Amendment Rights to Due Process protection; and the Deprivation of Property and Liberty Rights under the Fourteenth Amendment. DEFENDANTS' actions have resulted in punitive action, and a deprivation of her property interest in her employment, without providing MS. HARRIS the due process attendant to such an action.

27. The individual DEFENDANTS' unconstitutional conduct occurred under the color of law while acting or purporting to act in the performance of their official duties.

28. DEFENDANTS' illegal actions include, but are not limited to, failing to inform MS. HARRIS of her right to counsel and subjecting her to retaliation and adverse employment actions, including placement on administrative leave and termination of her employment, have been a substantial factor in causing Plaintiff harm, losses and injuries. DEFENDANTS have caused MS. HARRIS substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, and medical expenses, loss of future earnings and benefits, cost of suit, humiliation, embarrassment and anguish.

29. The individual DEFENDANTS' actions and conduct, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure MS. HARRIS and to cause her mental anguish, anxiety, and distress. DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to MS. HARRIS and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling MS. HARRIS to punitive damages against these individual DEFENDANTS only.

## SECOND CAUSE OF ACTION
### NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION
### 42 U.S.C. § 1983
### Against DEFENDANT DISTRICT

30. Plaintiff incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

31. DEFENDANTS' actions and failures as alleged constitute a pattern, practice, policy and custom of violations of employees Civil Rights under the Laws of the United States and such violations are actionable under 42 U.S.C § 1983. DEFENDANTS, and each of them, while acting under color of state authority and law, wrongfully and intentionally retaliated against Plaintiff. As a result of DEFENDANTS' pattern, practice, policy and custom of unconstitutional intentional retaliation, evidenced by individual DEFENDANTS' retaliation against MS. HARRIS, individual DEFENDANTS were unfit to perform the work for which they were hired.

32. DEFENDANT DISTRICT, through regular supervisions, assessment review, observations, and obligations as an employer knew, or should have known, that individual DEFENDANTS were unfit for their duties, and that their unfitness created a particular risk of constitutional violations for employees. DEFENDANTS' employers engaged in negligent hiring, training, supervision and retention of the individual DEFENDANTS. DEFENDANTS employers failed to insist that individual DEFENDANTS must protect the civil rights of employees and must provide equal protection, fair, and non-discriminatory treatment of all employees, and must refrain from retaliating against employees who avail themselves of their legal rights to participate in protected activities such as giving statements and testimony in an investigation of discrimination.

33. DEFENDANTS' conduct, as set forth above, violated Plaintiff's First, Fourth, Fifth and Fourteenth Amendment right of Due Process by retaliating against her for expressing free speech against discriminatory conduct directed at the individual DEFENDANTS. By retaliating against MS. HARRIS for these reasons, DEFENDANTS thereby

restricted and curtailed MS. HARRIS's right to be free of unconstitutional retaliatory conduct and "would chill or silence a person of ordinary firmness from future First Amendment activities."

34. DEFENDANTS' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, loss of future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

35. DEFENDANT DISTRICT's negligence in hiring, supervising, and retaining individual DEFENDANTS was a substantial factor in causing MS. HARRIS harm.

36. As to individual DEFENDANTS only, the acts of these DEFENDANTS, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure the Plaintiff and to cause her mental anguish, anxiety, and distress. The individual DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these individual DEFENDANTS only.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### THIRD CAUSE OF ACTION
### RETALIATION FOR EXERCISING FREE SPEECH
### 42 U.S.C. § 1983
### Against all Defendants

37. Plaintiff incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

38. DEFENDANTS' conduct, as set forth above, violated Plaintiff's First Amendment Right of Free Speech by retaliating against her for expressing displeasure at and testifying about discriminatory practices. DEFENDANTS' retaliation restricted and curtailed her right to be free of unconstitutional retaliatory conduct.

39. DEFENDANT BVPD took adverse employment action against Plaintiff, including maliciously prosecuting her and terminating her employment, in violation of the First Amendment to the US Constitution by retaliating against Plaintiff for affirmatively criticizing, challenging, Defendants' discriminatory practices. Plaintiff actively engaged in protected conduct opposing DEFENDANT BVPD's discriminatory evaluation practices, as well as providing testimony for an Internal Affairs investigation pertaining to a discriminatory employment claim against DEFENDANT CHIEF FREEMAN both of which are statutorily protected speech and activity.

40. DEFENDANTS' adverse employment actions against Plaintiff, as herein alleged, include, but are not limited to a predecided and partial investigation and, ultimate termination, were unprivileged, unlawful, and without business purpose.

41. DEFENDANTS' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, loss of future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof.

42. As to individual DEFENDANTS only, the acts of these DEFENDANTS, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure the Plaintiff and to cause her mental anguish, anxiety, and

distress. The individual DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these individual DEFENDANTS only.

WHEREFORE, Plaintiff requests relief as hereinafter provided.

### FOURTH CAUSE OF ACTION
### RETALIATION UNDER FEHA
### Against DEFENDANT DISTRICT

43. Plaintiff incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

44. California Fair Employment and Housing Act, and specifically, California Government Code § 12940 (h) prohibits "any employer, labor organization, employment agency, or person to discharge, expel, or otherwise discriminate against any person because the person has opposed any practices forbidden under that part or because the person has filed a complaint, testified, or assisted in any proceeding under that part."

45. DEFENDANT DISTRICT is an employer under the definition of "employer" under Title VII and the California Fair Employment and Housing Act in that employer regularly employs more than 15 employees. MS. HARRIS has been employed as an employee by DEFENDANT DISTRICT since 2006 and was at all relevant times herein an employee of DEFENDANT DISTRICT. MS. HARRIS has suffered numerous adverse employment actions, and DEFENDANT DISTRICT'S adverse employment actions were a substantial factor in causing MS. HARRIS injuries, losses, damages and harm.

46. DEFENDANT DISTRICT, through its managing agents at BVPD, took adverse employment action against MS. HARRIS in violation of the California Fair Employment and Housing Act by retaliating against MS. HARRIS for her participation in statutorily protected activities, namely complaining of discriminatory treatment, which is prohibited by the FEHA.

47. DEFENDANT DISTRICT'S adverse employment actions against MS. HARRIS as herein alleged were unprivileged, unlawful, and without business purpose.

48. As a direct and legal result of DEFENDANT DISTRICT'S retaliatory conduct as set forth herein, MS. HARRIS has suffered and continues to suffer substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, cost of suit, embarrassment and anguish, all to her economic and non-economic damage in an amount according to proof.

Wherefore, Plaintiff prays for judgment as more fully set forth below.

//
//

## FIFTH CAUSE OF ACTION
### DISCRIMINATION-DISPARATE TREATMENT
### VIOLATION TITLE VII AND FEHA,
### Against DEFENDANT DISTRICT

49. MS. HARRIS incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

50. As shown by the facts as alleged herein, DEFENDANT DISTRICT, through its managing agents at BVPD, treated MS. HARRIS disparately, differently, and discriminatorily in compensation or in terms, conditions, or privileges of employment. Such discrimination was motivated by MS. HARRIS's participation in the statutorily

protected activity of giving a statement and testimony in a pregnancy discrimination investigation against DEFENDANT CHIEF FREEMAN, and other DEFENDANTS, as well as her engaging in protected speech related to discriminatory practices perpetrated by DEFENDANTS. MS. HARRIS's act of giving a statement and testimony in a pregnancy discrimination investigation against DEFENDANT CHIEF FREEMAN, and other DEFENDANTS, as well as her complaints of discriminatory treatment, were "motivating reasons" for DEFENDANT DISTRICT's illegal and unlawful conduct. The evidence of the nexus of causation of MS. HARRIS's protected activity and the DEFENDANTS' adverse employment action is the proximity in time between her speaking out regarding the discriminatory practices, and the launching of an investigation into MS. HARRIS's employment for the purpose of terminating her employment, even though other reasons also may have contributed to DEFENDANT DISTRICT'S decisions. DEFENDANTS did not discriminate or retaliate against employees  for similar conduct with classifications of gender and age different than MS. HARRIS. Prior to MS. HARRIS' termination, she was performing her job in a satisfactorily manner.

51. DEFENDANT DISTRICT'S actions have caused and continue to cause Plaintiff substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, loss of future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damage in an amount according to proof. Wherefore, Plaintiff prays for judgment as more fully set forth below.

## SIXTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS
### Against Individual Defendants

52.   Plaintiff incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

53. DEFENDANTS' conduct was intentional and caused MS. HARRIS to suffer severe emotional distress.

54. As to individual DEFENDANTS only, the discriminatory and retaliatory acts, including the malicious prosecution of MS. HARRIS, perpetrated by these Defendants as alleged herein were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure MS. HARRIS and to cause her mental anguish, anxiety, and distress. Such acts and conduct should not, and is not, tolerated in our civilized society. DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to MS. HARRIS and were a substantial factor in causing harm, damage, and injuries and committed with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these Defendants only.

55.   DEFENDANTS' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, future earnings and benefits, costs of suit, embarrassment and anguish, all to her damage in an amount according to proof.

### SEVENTH CAUSE OF ACTION
### WRONGFUL TERMINATION
### IN VIOLATION OF PUBLIC POLICY

56. Plaintiff incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

57. On February 24, 2012, DEFENDANTS wrongfully and illegally placed MS. HARRIS on Paid Administrative Leave.

58. On March 22, 2012, DEFENDANTS wrongfully and illegally terminated MS. HARRIS's employment with BVPD in violation of public policy.

59. DEFENDANT employers discriminated against MS. HARRIS on the basis of her sex and gender, female, and on the basis of her age, over 40, and DEFENDANTS engaged in illegal retaliation against MS. HARRIS because she participated in protected activity by complaining about illegal conduct, and conduct which violated the DEFENDANT employers' policies. MS. HARRIS's age and gender were motivating factors for the DEFENDANTS' discriminating treatment because individual DEFENDANTS sought and receive personal favors, including sexual favors, from the younger women in exchange for more favorable terms and conditions of employment. MS. HARRIS' employment was terminated in violation of the public policy prohibiting discrimination and retaliation in the work place under Title VII and FEHA and under California Labor Code Section 1102.5.

### EIGHTH CAUSE OF ACTION
### RETALIATION IN VIOLATION
### OF LABOR SECTION 1102.5

60. Plaintiff incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

61. California Labor Code Section 1102.5 provides: (a) An employer may not make, adopt, or enforce any rule, regulation, or policy preventing an employee from disclosing

information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation. (b) An employer may not retaliate against an employee for disclosing information to a government or law enforcement agency, where the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation. (c) An employer may not retaliate against an employee for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation.

62. DEFENDANTS, and each of them, took adverse employment action against MS. HARRIS in violation of California Labor Code Section 1102.5 by retaliating against MS. HARRIS for her participation in statutorily protected activity. MS. HARRIS' protected activity included, but is not limited to, the following: complaining about illegal conduct, and conduct which violated the DEFENDANT employer's policies, including pregnancy discrimination and illegal conduct with minors.

63. DEFENDANTS' actions have caused and continue to cause Plaintiff substantial losses in earnings, significant loss of reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees, medical expenses, loss of future earnings and benefits, cost of suit, humiliation, embarrassment and anguish, all to her damages in an amount according to proof.

Wherefore, Plaintiff prays for judgment as more fully set forth below.

## NINTH CAUSE OF ACTION
### DEFAMATION PER SE

**LIBEL PER SE**

64. Plaintiff incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

65. DEFENDANTS and each of them intentionally published false written defamatory and libelous information to third persons against MS. HARRIS, knowing their publication was false.

66. Eight (8) days after the home owners instructed the BVPD to provide "immediate help" by not pressing charges against MS. HARRIS, on February 16, 2012, DEFENDANT WATTS committed perjury by falsely filing a "Probable Cause Declaration", asserting "Facts establishing probable cause for arrest of MS. HARRIS for a "violation of Penal Code Section 488-Theft and Penal Code Section 148(a)(1)-Interfering With an Investigation".

DEFENDANT WATTS signed this declaration by stating, "I declare under penalty of perjury that the forgoing is true and correct to the best of my information and belief." At the time DEFENDANT WATTS signed this declaration, he knew the facts which he was declaring under penalty of perjury were false. With intent to harm, injure and hurt MS. HARRIS, and with an intentional disregard for MS. HARRIS's United States Constitutional Rights, DEFENDANT WATTS, in a conspiracy with his co-defendants, presented the perjured declaration to the District Attorney of Kern County for prosecution of MS. HARRIS. DEFENDANTS, and each of them, intentionally concealed the home owner's letter from the Kern County District Attorney, which stated, "we do not want to press charges against [MS. HARRIS"].

67. On February 22, 2012, the Kern County District Attorney's filed a "Misdemeanor criminal "Complaint" against MS. HARRIS for a violation of Penal Code Section 488,

stating: "COUNT 001, On or about and between December 21, 2011 and February 1, 2012, Karen Jane Harris, did willfully and unlawfully steal, take, or carry away the personal property of another, to wit:...in violating of Penal Code Section 488, a Misdemeanor."

68. On June 29, 2011, the Kern County District moved the court for an order dismissing all charges against MS. HARRIS. The court issued the requested order, dismissing all charges against MS. HARRIS.

69. As to individual DEFENDANTS only, the acts of these DEFENDANTS, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure the Plaintiff and to cause her mental anguish, anxiety, and distress. The individual DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these individual DEFENDANTS only.

Wherefore, Plaintiff prays for judgment as more fully set forth below.

## TENTH CAUSE OF ACTION
### DEFAMATION PER SE
### SLANDER PER SE

70. Plaintiff incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

71. DEFENDANTS and each of them intentionally published false oral defamatory and slanderous information to third persons against MS. HARRIS, knowing their publication was false.

72. As hereinabove alleged, DEFENDANTS, and each of them, intentionally accused MS. HARRIS of committing the moral turpitude crime of theft when DEFENDANTS were in possession of information that there was no crime, and that the incident resulted from a simple mistake in communication. DEFENDANTS' action constitutes Slander Per Se since DEFENDANTS accused MS. HARRIS of committing a crime.

73. As to individual DEFENDANTS only, the acts of these DEFENDANTS, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure the Plaintiff and to cause her mental anguish, anxiety, and distress. The individual DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these individual DEFENDANTS only.

**ELEVENTH CAUSE OF ACTION**
**INVASION OF PRIVACY**
**Against All Defendants**

74. Plaintiff incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

75. DEFENDANTS invaded MS. HARRIS's privacy, protected under California Constitution Article 1, Section 1, and under California statutory and common law when DEFENDANTS portrayed MS. HARRIS in a false light, to wit: as a criminal.

76. DEFENDANTS' conduct was unprivileged, without MS. HARRIS's consent and over her repeated objections.

77. As to individual DEFENDANTS only, the acts of these DEFENDANTS, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with

ill will and intent to injure the Plaintiff and to cause her mental anguish, anxiety, and distress. The individual DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these individual DEFENDANTS only.

### TWELFTH CAUSE OF ACTION
### MALICIOUS PROSECUTION
#### Against All Defendants

78. Plaintiff incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

79. DEFENDANTS and each of them intentionally and maliciously criminally prosecuted MS. HARRIS, knowing she was innocent of the charges of theft.

80. Eight (8) days **after** the home owners instructed the BVPD to provide "immediate help" by not pressing charges against MS. HARRIS, on February 16, 2012, DEFENDANT WATTS committed perjury by falsely filing a "Probable Cause Declaration", asserting, "Facts establishing probable cause for arrest of MS. HARRIS for a "violation of Penal Code Section 488-Theft and Penal Code Section 148(a)(1)-Interfering With an Investigation".

81. DEFENDANT WATTS signed this declaration by stating, "I declare under penalty of perjury that the forgoing is true and correct to the best of my information and belief." At the time DEFENDANT WATTS signed this declaration he knew the facts which he was declaring under penalty of perjury were false. With intent to harm, injure and hurt MS. HARRIS, and with an intentional disregard for MS. HARRIS's United States Constitutional Rights, DEFENDANT WATTS, in a conspiracy with his co-defendants, presented the perjured declaration to the District Attorney of Kern County for

prosecution of MS. HARRIS. DEFENDANTS, and each of them, intentionally concealed the home owner's letter from the Kern County District Attorney, which stated, "we do not want to press charges against [MS. HARRIS"].

82. On February 22, 2012, **despite lacking probable cause** the Kern County District Attorney filed a "Misdemeanor criminal "Complaint" against MS. HARRIS for a violation of Penal Code Section 488, stating: "COUNT 001, On or about and between December 21, 2011 and February 1, 2012, Karen Jane Harris, did willfully and unlawfully steal, take, or carry away the personal property of another, to wit:...in violating of Penal Code Section 488, a Misdemeanor."

83. On June 29, 2011, the Kern County District moved the court for an order dismissing all charges against MS. HARRIS. The court issued the requested order, dismissing all charges against MS. HARRIS.

84. As to individual DEFENDANTS only, the acts of these DEFENDANTS, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure the Plaintiff and to cause her mental anguish, anxiety, and distress. The individual DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these individual DEFENDANTS only.

**THIRTEENTH CAUSE OF ACTION**
**FALSE ARREST and FALSE IMPRISONMENT**
**Against All Defendants**
**(42 U.S.C. 1983)**

85. Plaintiff incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

86. DEFENDANTS, and each of them, intentionally and maliciously criminally prosecuted MS. HARRIS, **without probable cause by knowing before the filing of a criminal complaint that she was innocent** of the charges of theft. This prosecution caused the false arrest and the restriction of her liberty of MS. HARRIS in violation of her rights to be free as guaranteed by the Fourth, Fifth and Fourteenth Amendments of the United States Constitution and the laws of the State of California.

### FOURTEENTH CAUSE OF ACTION
### SUPERVISORY LIABILITY
### (42 U.S.C. § 1983);
### Against Chief Freeman

87. PLAINTIFF incorporates by reference herein the preceding paragraphs of the complaint as though set forth here in full.

88. PLAINTIFF alleges that Chief Freeman, as the supervisor and at all relevant times as Chief of Police, is personally liable for her harm, injuries and losses because Chief Freeman knew, or in the exercise of reasonable diligence should have known, that by his actions of submitting fraudulent information to the Kern County District Attorney, MS. HARRIS would be criminally prosecuted in violation of her federal and state constitutional rights.

89. As to individual DEFENDANTS only, the acts of these DEFENDANTS, as alleged herein, were intentional, outrageous, despicable, oppressive, fraudulent, and done with ill will and intent to injure the Plaintiff and to cause her mental anguish, anxiety, and distress. The individual DEFENDANTS' acts were done in conscious disregard of the risk of severe emotional harm to Plaintiff and with the intent to injure, constituting oppression, fraud, and malice under California Civil Code §3294, entitling Plaintiff to punitive damages against these individual DEFENDANTS only.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendants and each of them as follows:

1. For general damages in an amount according to proof;

2. For special damages in an amount according to proof;

3. For prejudgment interest in an amount according to proof;

4. For reasonable attorney's fees and cost of suit therein;

5. For punitive damages against the individual defendants only;

6. For statutory penalties and any other statutory relief;

7. For such other and further relief as the court may deem just and proper.

8. Plaintiff hereby demands a trial by jury.

DATED: October 10, 2012          LAW OFFICES OF BONNER & BONNER

By:_____
    CHARLES A. BONNER, ESQ.