UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAREN HARRIS, | Case No.: 1:12-cv-01664 - JLT |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTIONS TO DISMISS |
| v. | |
| BEAR VALLEY COMMUNITY SERVICE DISTRICT, et al., | (Docs. 70, 71) |
| Defendants. | |

Defendant Bear Valley Community Services District ("District" or "Defendant") seeks dismissal of the third and fourth causes of action raised by Karen Harris ("Plaintiff") in her Second Amended Complaint, asserting Plaintiff failed to exhaust administrative remedies prior to pursuing her claims for retaliation and wrongful termination of violation of Cal. Labor Code § 1102.5.  (Docs. 70, 71).  Plaintiff filed her opposition on October 1, 2013 (Doc. 73), to which Defendant filed a reply on October 4, 2013.  (Doc. 74).

For the following reasons, the Court finds Plaintiff was required to exhaust administrative remedies as provided in Cal. Labor Code § 98.7, and Defendant's motion to dismiss is **GRANTED**.

I. **Factual and Procedural History**

Plaintiff is a former dispatcher with Bear Valley Police Department ("BVPD").  (Doc. 69 at 2). She was hired as a part-time police dispatcher on September 16, 2007, and promoted to a full-time dispatcher on November 27, 2006.  (Doc. 69 at 4, ¶ 11).

1

Plaintiff alleges she "participated in an internal investigation of allegations of pregnancy discrimination and retaliation brought by a Female Police Officer… against Chief Freeman and others" between late July and August 2011. (Doc. 69 at 4, ¶ 11) (emphasis omitted).  Plaintiff reports she "provided testimony, interviews, assisted and fully cooperated with the Internal Affairs investigation." (*Id.*)  Following her participation with the Internal Affairs investigation, Plaintiff alleges Chief Freeman "embarked on a campaign of retaliation" against her. (*Id*, ¶ 12).  Plaintiff asserts she was summoned by Chief Freeman into his office on January 31, 2012, "and disciplined… for her union activity of advocating for changing employees' schedules based on seniority as had been the practice in the past." (*Id.*)  In addition, Plaintiff asserts Chief Freeman disciplined her "for a frivolous and false accusation that [she] had not supported a new dispatcher."  (*Id.*)

According to Plaintiff, Chief Freeman "elevated his retaliatory and discriminatory attack" on February 16, 2012 "by falsely accusing and charging her" with obstruction of justice and petty theft in violation of California Penal Code Sections 148 and 488.  (Doc. 69 at 5, ¶13).  Plaintiff asserts a birdbath "had been gifted to [her] by a long time quilting friend." (*Id.*)  Plaintiff reports her friend sold her house after gifting the birdbath to Plaintiff, and the new homeowners reported theft of the birdbath. (*Id.*)  However, Plaintiff asserts the new homeowners did not want to press charges after the birdbath was returned. (*Id.*)  She alleges the new homeowners wrote a letter to the police, which stated:

> Dear Bear Valley Police, We recently reported the theft of a bird bath . . . The person who took it has returned the bird bath and we do not want to press charges against [Plaintiff].  We believe there were unclear areas of communication with [Plaintiff] and the previously (sic) owners. Thank you for your immediate help in clearing up the situation.

(Doc. 69 at 5-6, ¶13).  Plaintiff contends that after "the home owners instructed the BVPD to… not press[] charges," Chief Freeman, Sgt. Motley, and Officer Walthers "ignored, suppressed, [and] buried" this note, concealing it from the Kern County District Attorney.  (*Id.* at 5-6, ¶¶13-14).  She alleges Sgt. Watts "committed perjury by falsely filing a 'Probable Cause Declaration', asserting 'Facts establishing probable cause for arrest of [Plaintiff] for a 'violation of Penal Code Section 488- Theft and Penal Code Section 148(a)(1)-Interfering with an Investigation.'"  (*Id.*, ¶14).

On February 22, 2012, the Kern County District Attorney filed a misdemeanor complaint against Plaintiff for violation of Cal. Penal Code § 488, stating: "On or about and between December

1  21, 2011 and February 1, 2012, Karen Jane Harris, did willfully and unlawfully steal, take, or carry
2  away the personal property of another… ." (Doc. 69 at 6-7, ¶ 16).  Plaintiff was placed on paid
3  administrative leave on February 24, 2012, and her employment with the BVPD was terminated on
4  March 22, 2012.  (*Id.* at 7, ¶¶ 18-19).  She reports the Kern County District Attorney requested the
5  charges against Plaintiff be dismissed on June 29, 2012.  (*Id.*, ¶ 17).

6        According to Plaintiff, "other similarly situated employees who had faced more serious criminal
7  charges" did not receive the same treatment as she.  (Doc. 69 at 7-8, ¶¶ 20-23).  She alleges: "[o]ther
8  similar situated employees, most of whom were men" of the District and BVPD were "treated more
9  favorably… because employees have engaged in conduct that violated laws and the polices… [and] no
10 disciplinary action was taken against these employees." (*Id.* at 8, ¶ 23).  In addition, Plaintiff alleges
11 Chief Freeman refused to allow her, "a woman in her early sixties, to attend the training classes," while
12 "[h]e allowed the younger women to attend training." (*Id.* at 9, ¶ 30).  She asserts also that individuals
13 "sought and received personal favors, including sexual favors, from the younger women in exchange
14 for more favorable terms and conditions of employment," and she "refused to partake in such changes."
15 (*Id.* at 11, ¶ 30).  Therefore, Plaintiff contends her "age and gender were motivating factors for
16 Defendant's discriminatory treatment." (*Id.*)

17       Based upon these allegations, Plaintiff identified four causes of action in her Second Amended
18 Complaint against the District: (1) retaliation in violation of California's Fair Housing Employment and
19 Housing Act  ("FEHA") (2) discrimination- disparate treatment in violation of Title VII and FEHA; (3)
20 wrongful termination in violation of public policy pursuant to Title VII, FEHA, and Cal. Labor Code
21 § 1102.5; and (4) retaliation in violation of Cal. Labor Code § 1102.5.  (Doc. 69 at 12-16).  She asserted
22 her administrative remedies were exhausted "by submitting charges of discrimination with the DFEH
23 and EEOC." (*Id.* at 3).

24       The District contends Plaintiff's charges with the DFEH and EEOC were insufficient for
25 Plaintiff to exhaust her administrative remedies as provided in Cal. Labor Code § 98.7, and that as a
26 result she fails to state a claim for wrongful termination and retaliation in violation of Cal. Labor Code
27 § 1102.5. (Docs. 70, 71).
28 ///

## II. Motion to Dismiss

Under the Federal Rules of Civil Procedure, a defendant may file a motion to dismiss for a plaintiff's failure to state a claim upon which relief can be granted prior to filing a responsive pleading. Fed. R. Civ. P. 12(b)(6). Dismissal under Rule 12(b)(6) is appropriate when "the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). On a motion filed pursuant to Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Supreme Court explained:

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.

*Iqbal*, 556 U.S. at 678 (internal citations, quotation marks omitted). Further, the Court must construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). However, a court "will dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998).

## III. Discussion and Analysis

Defendant contends Plaintiff's claims under the California Labor Code are deficient because Plaintiff does not allege she exhausted her administrative remedies by filing a charge with the Labor Commissioner, as required under Cal. Labor Code § 98.7 (Doc. 71 at 5). Pursuant to Cal. Labor Code § 98.7, "[a]ny person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the division within six months after the occurrence of the violation." In addition, claims brought pursuant to various sections of the Labor Code, including Section 1102.5, are described as "under the

jurisdiction of the labor Commissioner." Cal. Labor Code § 98.6(a).  According to Defendant, because Plaintiff's Second Amended Complaint "is devoid of any allegations that she has filed and pursued this unique administrative remedy, the Third and Fourth Causes of Action [for violations of the Labor Code] should be deemed to fail as a matter of law." (*Id.*) (*citing, e.g., Neveau v. City of Fresno*, 392 F.Supp.2d 1159 (E.D. Cal. 2005) *Ortiz v. Lopez*, 688 F.Supp.2d 1072, 1079 (E.D. Cal. 2010)).

As Defendant observes, California courts have determined plaintiffs must exhaust their administrative remedies prior to filing suit under the Labor Code.  In *Campbell v. Regents of the Univ. of Cal.*, 35 Cal. 4th 311 (2005), the court explained:

> [T]he rule of exhaustion of administrative remedies is well established in California jurisprudence. In brief, the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act. The rule is not a matter of judicial discretion, but is a fundamental rule of procedure … binding upon all courts. We have emphasized that [e]xhaustion of administrative remedies is a jurisdictional prerequisite to resort to the courts.

*Id.* 35 Cal. 4th at 321 (internal quotation marks, citations omitted).  Therefore, the Court determined the plaintiff was required to comply with available administrative remedies.

In *Neveu*, the Eastern District followed *Campbell* when defendants argued the plaintiff failed to exhaust his administrative remedies prior to bringing suit for a violation of Section 1102.5.  The Court determined that "pursuant to Cal. Labor Code §§ 98.6 and 98.7, claims under Section 1102.5 are solely within the province of the Labor Commissioner."  *Neveu*, 392 F.Supp.2d at 1179-80.  Because the plaintiff failed "to allege that he exhausted available administrative remedies, including bringing a complaint before the Labor Commissioner, before bringing suit," the Court dismissed the Labor Code claim for failure to exhaust administrative remedies.  *Id.* at 1180.

On the other hand, Plaintiff contends the "Division of Labor Standards Enforcement … proclaimed that the exhaustion of remedies under Labor Code Section 98 was not required of it prior to [a] party filing a civil action."  (Doc. 73 at 7) (citing *Creighton v. City of Livingston* ("*Creighton II*"), 2009 WL 3246825 at *8-12 (E.D. Cal. Oct. 7, 2009).  Plaintiff notes that there are conflicting opinions among District Courts, including the opinions issued from the Eastern District, and argues the Court should give deference to the Labor Commissioner's statement that exhaustion of remedies is not required "in order to resolve [the] split in District Courts (sic) interpretation of Labor Code Section 98."

(*Id.* at 6) (emphasis omitted).  Therefore, Plaintiff urges the Court to follow *Creighton II*, which relied "on the Labor Commissioner's understanding that it did not require exhaustion of remedies … [and] determined that the California Supreme Court in its holding in *Campbell*…had only spoken to the requirement of exhausting internal remedies rather than an exhaustion of administrative remedies before the Labor Commission." (Doc. 73 at 9).  In addition, Plaintiff observes that very recently the Eastern District found a plaintiff was not required to exhaust administrative remedies, and "provided timely notice to the defendants of his discrimination claims through his filing of the EEOC charge." (Doc. 73 at 10, n.2) (citing *Pinder v. Empl. Dev. Dep't*, 2013 U.S. Dist. LEXIS 118130 at *32-33 (E.D. Cal. Aug. 19, 2013); *Carroll v. California*, 2013 U.S. Dist. LEXIS 117358 (E.D. Cal. Aug. 16, 2013)).

In *Creighton II*, the Eastern District Court observed, "by its terms, *Campbell* only held that exhaustion of *internal* administrative remedies is required" and it did not discuss exhaustion of administrative remedies before the Labor Commission. *Id,* 2009 WL 3246825 at *32.  The Court reviewed an opinion letter prepared by an attorney for the California Labor Commissioner as well as the decision of California's Second District Court of Appeal in *Lloyd v. County of Los Angeles*, 172 Cal.App.4th 320 (2009).  In *Lloyd,* the Second Appellate Court reviewed Labor Code § 98.7 and determined it does not require a plaintiff to file a complaint with the Labor Commissioner prior to suit. Supporting this determination, the court found persuasive the permissive language of Section 98.7 ("an employee *may file* a complaint with the Labor Commissioner") and the express language of subdivision (f) (the employee need not be bound by the remedies provided by section 98.7 but is free to pursue "any other rights and remedies under any other law"). *Lloyd*, 172 Cal. App. 4th at 331-332.  Based upon the position of the state court in *Lloyd* and the opinion letter asserting that "the exhaustion of remedies under Labor Code Section 98.7 is not required prior to filing a civil action," the Eastern District Court determined a plaintiff is not required to exhaust administrative remedies prior to filing suit for statutory violations of the Labor Code. *Creighton II*, 2009 WL 3246825 at * 33-34.

Nevertheless, in *Adams v. Robert Mondavi Winery Woodbridge*, 2009 WL 3166669 at * 6-11 (Cal. Ct. App. Oct. 5, 2009), California's Third District Court of Appeal disagreed with *Lloyd* and held the permissive language of Labor Code Section 98.7 applied *only* to non-statutory based claims.  The court determined: "[W]hile an employee can pursue common law claims without exhausting

administrative remedies, an employee cannot file a complaint alleging direct statutory violations without first exhausting administrative remedies. This distinction is critical." *Id.* at 7.

Notably, the Eastern District has determined frequently that the exhaustion of administrative remedies is required pursuant to Labor Code Section 98.7, although the Court has not been uniform in its decisions. In *Hanford Executive Mgt. Employee Assoc. v. City of Hanford*, the Court held "nothing suggests the *Campbell* court intended to limit its holding to require the exhaustion of only internal remedies, and no California decision has interpreted *Campbell* as narrowly as *Creighton II*." *Id.,* 2012 WL 603222 at *16 (E.D. Cal. Feb. 23, 2012). Likewise, in *Toth v. Guardian Indus. Corp.*, the Court found "the reasoning in *Hanford*, *Adams*, and the vast majority of the other district court cases which have uniformly found exhaustion necessary, persuasive." *Id.*, 2012 WL 1076213 at *5 (E.D. Cal. Mar. 29, 2012). Further, the Court found *Creighton II* to be an "aberration" in and held that the remedy presented in Section 98.7 must be exhausted in *Brazill v. Cal. Northstate Coll. of Pharmacy, LLC,* 2012 WL 3204241 at * 5-7 (E.D. Cal. Aug. 2, 2012). The Court explained, "The fact that this administrative remedy is neither mandatory nor exclusive does not abrogate the exhaustion requirement." *Id*; *see also LaTourelle v. Barber*, 2012 WL 218952 at *8 (E.D. Cal. Jan. 24, 2012) (dismissing for failure to exhaust under Labor Code § 98.7); *Chacon v. Hous. Auth. of Cnty. of Merced,* 2011 WL 2621313 at *4 (E.D. Cal. June 29, 2011) (same); *Cartwright v. Regents of Univ. of Cal.,* 2009 WL 2190072 at *7-8 (E.D. Cal. July 22, 2009) (same); *Ulmschneider v. Los Banos Unified Sch. Dist.*, 2012 WL 525577 at *7 (E.D. Cal. Feb. 16, 2012) (same).[1]

As Plaintiff argues, however, the Court has also determined recently in *Pinder* and *Carroll* that exhaustion is not required or, in the alternative, a plaintiff was not required to exhaust administrative

---

[1] Likewise, the Northern District has determined plaintiffs must exhaust administrative remedies before the Labor Commissioner, holding that "because section 98.7 provides … an administrative remedy for a violation of section 1102.5(c), a [p]laintiff was required to exhaust that remedy before filing her section 1102.5 claim in federal court." *Ferretti v. Pfizer Inc.*, 855 F.Supp.2d 1017, 1024 (N.D. Cal. 2012); *see also Miller v. Sw. Airlines, Co.,* 923 F.Supp.2d 1206, 1210 (N.D. Cal. 2013) ("To pursue a retaliation claim under California Labor Code Section 1102.5, plaintiff must first exhaust her administrative remedies"); *Hall v. Apartment Inv. & Mgmt. Co.*, 2008 U.S. Dist. LEXIS 105698 at *10, 2008 WL 5396361 at *4 (N.D. Cal. Dec. 18, 2008) ("exhaustion of the administrative remedies prescribed in § 98.7 applies to §§ 1102.5 and 98.6"); *Thompson v. Genon Energy Servs.*, 2013 U.S. Dist. LEXIS 34319 at *8, 2013 WL 968224 at *3 (N.D. Cal. Mar. 12, 2013) ("The weight of California case law, as well as district court decisions interpreting the California cases, have found that exhaustion to the Labor Commissioner is required under California Labor Code § 98.7, despite its permissive language").

7

remedies before the Labor Commissioner where the defendant received notice of the plaintiff's claims through the filing of a FEHA or EEOC charge.[2] In *Pinder*, the Court acknowledged that "the weight of district court decisions interpreting California case law has found that exhaustion to the Labor Commissioner is required under California Labor Code § 98.7," yet followed *Lloyd* and *Creighton II* explaining:

> This Court . .. reads the text of Cal. Labor Code § 98.7 and *Campbell* to stand for the proposition that, while Section 98.7 does not obviate any existing requirements that administrative remedies be exhausted before filing a suit, it does not require a plaintiff to exhaust administrative remedies by filing a claim with the Labor Commissioner before suing based on Labor Code violations. I conclude that Plaintiff was therefore not required to file a charge with the Labor Commissioner before bringing suit on his § 98.6 and 1102.5 claims.

*Pinder*, 2013 U.S. Dist. LEXIS 118130 at *30-33, 2013 WL 4482955 at*10-11.  In addition, the Court noted observed that "the factual basis underlying Plaintiff's EEOC claim [was] the same as the factual basis underlying his suit relative to race discrimination and retaliation," and as a result the plaintiff "provided timely notice to the Defendants of his . . . claims through the filing of the EEOC charge. *Id.*, 2013 WL 4482955 at*11.  Similarly, in *Campbell*, the Court determined the plaintiff adequately exhausted her administrative remedies because she "pursued three administrative actions to their end, including a whistleblower action brought before the State Personnel Board."  *Campbell*, 2013 U.S. Dist. LEXIS 117358 at *27, 2013 WL 4482934 at *8.

Significantly, however, neither the Courts in *Pinder* and *Campell* had the benefit of a decision issued shortly thereafter by California's Third District Court of Appeal, which reaffirmed the position that a plaintiff is required to exhaust administrative remedies before the Labor Commissioner.  In *MacDonald v. State of California*, the plaintiff sought to proceed on a claim for violations of Labor Code section 1102.5 and 6310, and the court determined she was unable to do so because she had not exhausted her administrative remedies pursuant to section 98.7.  The court explained:

---

[2] Even if the Court agreed that a filing of an EEOC charge may satisfy the exhaustion requirement where the defendant is given adequate notice of the plaintiff's claims, the Court cannot find that would apply here. Although Plaintiff alleges she submitted "charges of discrimination with the DFEH and the EEOC" (Doc. 69 at 3), there is nothing to suggest that the factual basis is the same—such that the defendant would be aware Plaintiff was alleging discrimination on the basis of age and sex. In addition, there are no facts that the charges before the DFEH and EEOC included Plaintiff's claim for retaliation.

> Although sections 1102.5 and 6310 are silent regarding administrative remedies, section 98.7, subdivision (a), provides in pertinent part: "Any person who believes that he or she has been discharged or otherwise discriminated against in violation of any law under the jurisdiction of the Labor Commissioner may file a complaint with the division within six months after the occurrence of the violation." Section 98.7 outlines a process of investigation and decision by the Labor Commissioner. (*Id.*, subds. (b)–(e).) Subdivision (f) of that section states: "The rights and remedies provided by this section do not preclude an employee from pursuing any other rights and remedies under any other law." (*Id.*, subd. (f).) …
>
> The rule of exhaustion of administrative remedies is well established in California jurisprudence. "'In brief, the rule is that where an administrative remedy is provided by statute, relief must be sought from the administrative body and this remedy exhausted before the courts will act.'" (*Campbell*, supra, 35 Cal.4th at p. 321, [citation]) This is so even where the administrative remedy is couched in permissive, as opposed to mandatory, language. (*See Williams v. Housing Authority of Los Angeles* (2004) 121 Cal.App.4th 708, 734.) Here, an administrative remedy is provided in section 98.7. Thus, in accordance with *Campbell*, we conclude that plaintiff was required to exhaust that remedy prior to pursuing the underlying action.

*MacDonald*, 219 Cal. App. 4th 67, 71-72 (2013). The court rejected the plaintiff's argument "that *Campbell*'s holding is limited to cases involving "internal administrative remedies," explaining that "it extends to situations 'where an administrative remedy is provided by statute.'" *Id.* at 74. Further, the court criticized *Lloyd* for its failure "to mention *Campbell* in its analysis," and reliance upon cases which antedated *Campbell*. *Id.* at 73. Accordingly, the court concluded the plaintiff's claims were barred because he failed to exhaust the administrative remedy as provided in Section 98.7. *Id.* at 74.

When applying state substantive law, the Court is obligated to provide a similar remedy to that offered in the state forum. *Gee v. Tenneco*, 615 F.2d 857, 861 (9th Cir.1980). When there is no precedent set by the state's highest court, the federal court must predict how that court would decide the issue using intermediate appellate court decisions, decisions from other jurisdictions, statutes, treatises, and restatements as guidance. *Nelson v. City of Irvine*, 143 F.3d 1196, 1206 (9th Cir.1998). With this in mind, and what appears to be the weight of authority which finds exhaustion is required, the Court here is not persuaded the California Supreme Court would follow *Lloyd* and *Creighton II*, especially in light of the recent decision of the Third District Court of Appeal in *MacDonald*. Instead, the Court is convinced California's highest court would follow and expand its own precedent set forth in *Campbell* to find that exhaustion under Labor Code 98.7 is required before a plaintiff may bring litigation raising statutory-based claims. Consequently, Plaintiff was required to exhaust her administrative remedy before the Labor Commissioner prior to bringing her claims for violations of

Section 1102.5.

**IV.   Conclusion and Order**

Because Plaintiff failed to exhaust her administrative remedy before the Labor Commissioner, her claims for violations of Cal. Labor Code § 1102.5 fail for lack of exhaustion.  Accordingly, Defendant's motion to dismiss the third and fourth causes of action is **GRANTED**.


IT IS SO ORDERED.

Dated:   **October 16, 2013**                              **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE